IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Betty Ann Crump, ) | C/A 2:11-1567-DCN-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Savannah Highway Automotive Company, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This action has been filed by the Plaintiff pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. Plaintiff was originally represented by counsel, but is now proceeding pro se. See Court Docket Nos., 23 and 24. The Court notes that, at the time of counsel's withdrawal from the case, Plaintiff had not responded to the Defendant's discovery, and that the basis for the motion to withdraw was that "Plaintiff has failed and refused to cooperate to continue her representation."

In the Order granting Plaintiff's counsel's motion to withdraw, Plaintiff was given thirty days to obtain new counsel and to have that new counsel file a notice of appearance on Plaintiff's behalf. Plaintiff was further advised that, if she failed to retain new counsel, the case would proceed with Plaintiff representing herself, pro se. That Order also granted the Defendant's motion to compel, and Plaintiff was instructed to provide proper responses to the Defendant's discovery requests within twenty days of new counsel making an appearance on behalf of the

1



Plaintiff, or within twenty days of the expiration of the time period provided for Plaintiff to retain new counsel. Finally, Plaintiff was advised, in bold type, that failure on her part to cooperate in discovery would result in a recommendation of dismissal. See generally, Order filed December 6, 2011 (Court Docket No. 24).

On January 26, 2012, the Defendant filed a motion to dismiss pursuant to Rule 37(b), Fed. R.Civ.P., asserting therein that, notwithstanding the Court's Order of December 6, 2011, Plaintiff had still failed to answer or respond to the Defendant's discovery requests. In addition to dismissal of this action, Defendant requests fees and costs incurred as a result of having to file the motion to compel as well as the instant motion to dismiss. As the Plaintiff is now proceeding pro se, a Roseboro Order was entered by Court on February 3, 2012, advising Plaintiff of the importance of a dispositive motion and of the need for her to file an adequate response. Plaintiff was specifically advised that if she failed to respond adequately, the Defendant's motion may be granted, thereby ending her case. However, notwithstanding the specific warning and instructions as set for in the Court's Roseboro Order, Plaintiff has failed to file any response to the Defendant's motion, or contact the Court in any way.

**Discussion**

Rule 37(b)(2), Fed.R.Civ.P., provides that if a party fails to obey an order to provide or permit discovery, the Court in which the action is pending may make such orders in regard to such failure as are just, including dismissing the action. Further, Rule 41(b), Fed.R.Civ.P., clearly authorizes the Court to dismiss an action for failure to prosecute or for failure to comply with court orders. "There is no doubt that Federal Courts possess the inherent authority to dismiss a case with



prejudice . . . " See Link v. Wabash Railroad Co., 370 U.S. 626, reh'g. denied, 371 U.S. 873 (1962); Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991); Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997). Whether to dismiss under Rule 41(b) is a matter for the Court's discretion; see Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); and the Court of Appeals for the Fourth Circuit has developed a four-prong test to determine whether a Rule 41(b) dismissal is appropriate. The District Court must consider (1) the degree of personal responsibility of the Plaintiff; (2) the amount of prejudice caused the Defendant; (3) the existence of a "drawn-out history of deliberately proceeding in a dilatory fashion"; and (4) the existence of sanctions less drastic than dismissal. Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982); Tinsley v. Quick & Reilly, Inc., 216 F.R.D. 337, 338 (E.D.Va. 2001); Contreras v. NFN Pettiford, No. 05-3552, 2006 WL 2621866 (D.S.C. Sept. 11, 2006).

The record in this case shows that Plaintiff has failed to respond to the Defendant's discovery requests, has failed to file responses to motions or communications to her from the Defendant, and has failed to prosecute her case in accordance with the instructions set forth by the Court, despite being specifically warned that her failure to comply with those instructions and to cooperate in discovery would result in a recommendation of dismissal. Hence, the degree of personal responsibility of the Plaintiff is manifest. The docket and filings in this case further clearly set out a "drawn-out history of deliberately proceeding in a dilatory fashion" by the Plaintiff. Therefore, Plaintiff meets the first and third prongs of the Fourth Circuit's four prong test.

While Plaintiff has engaged in the conduct described herein, the continuation of this action for now almost eight months has caused the Defendant to incur continuing costs and expenses associated with this lawsuit. Further, Plaintiff's failure to cooperate in discovery has prejudiced the

3



Defendant's ability to ascertain the facts and prepare a defense in this action. Therefore, the facts in this case clearly also satisfy the second prong of the Fourth Circuit's four prong test.

As for the fourth prong of the Fourth Circuit's four prong test, the record in this file shows that Plaintiff has failed to respond to notices and filings received from the Defendant, has failed to provide responses to discovery requests, and has failed to comply with instructions from the Court. While the undersigned is mindful of the fact that the Plaintiff is proceeding pro se, and that Federal Courts have historically treated pro se litigants with some degree of liberality, pro se litigants are not immune from any sanction by virtue of their status alone. See e.g. also Ballard v. Carlson, 882 F.2d 93, 95-96 (4th Cir. 1989), cert. denied sub nom., Ballard v. Volunteers of America, 493 U.S. 1084 (1990); Gantt v. Maryland Div. Of Correction, 894 F.Supp. 226 (D.Md. 1995), aff'd, 73 F.3d 357 (4th Cir. 1996). Here, Plaintiff was specifically warned by the Court that her failure to properly respond to Court orders and discovery requests would result in a recommendation for dismissal of her case. Cf. Ballard, 882 F.2d at 95 [Magistrate judge's prior explicit warning that a recommendation of dismissal would result from Plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when Plaintiff did not comply despite warning]. Notwithstanding these instructions and warning, however, Plaintiff has failed to cooperate with the Defendant in discovery, nor has she communicated with the Court in any way. Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 954, n.2 (4th Cir. 1987) [noting that warning to parties was a "salient fact" that distinguished cases in which default judgment was appropriate sanction for discovery abuse under Rule 37]; see also Mutual Federal Savings and Loan Ass'n v. Richards & Associates, Inc., 872 F.2d 88, 92 (4th Cir. 1989). Therefore, it does not appear that a sanction less severe than dismissal would be either effective or appropriate , because Plaintiff has already shown

4



that she will not comply with instructions or requirements placed upon her despite orders from the Court to do so. Therefore, dismissal under Rules 37(b) and 41(b) should be granted.

## **Conclusion**

Based on the foregoing, it is recommended that the Defendant's motion to dismiss be **granted**, and that this case be **dismissed** with prejudice. In light of Plaintiff's pro se status, it is further recommended that the Defendant's motion for an award of fees and costs be **denied**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

March 12, 2012
Charleston, South Carolina

5



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

